# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ASBURY AUTOMOTIVE GROUP, INC. DATA INCIDENT LITIGATION | LEAD CASE NO.: 1:24-mi-55555-VMC |

## DECLARATION OF JED MILSTEIN

I, Jed Milstein, hereby declare as follows under penalty of perjury:

1. My name is Jed Milstein. I am over the age of 18 and am competent to make this declaration. I make this declaration in support of Asbury Automotive Group, Inc.'s ("Asbury") Motion to Compel Individual Arbitration and Stay Action in the above-captioned matter.

2. I have been employed by Asbury for over 8 years.

3. I am currently the Chief Human Resources Officer at Asbury. In this role, I oversee the human resources function, which includes onboarding and offboarding employees. In this role, I also have oversight of the process by which Asbury maintains personnel files and related materials.

4. The facts set forth herein are based upon my personal knowledge, my familiarity with Asbury's policies and practices, and my review of Asbury's business

records. The Asbury employee and business records that I reviewed were made by, or were from information transmitted by, a person with knowledge of the events described therein, at or near the time of the events described, and are kept in the ordinary course of the regularly conducted business activity of such person and Asbury, and it is the regular practice of that business activity to make such records. If called upon to testify, I would competently testify to the facts set forth herein.

5. In the ordinary course of my responsibilities at Asbury, I have access to the Asbury employee and business records referenced herein, and I have reviewed them for documents pertaining to the Plaintiffs named in the above-captioned case, including the documents discussed below.

### Asbury's Application Process and Employment Practices

6. Asbury is a national company that operates auto dealerships and employs several thousand individuals throughout the country.

7. The first step in the hiring process is for an individual (i.e., employment applicant) to complete various workplace documents. To determine that an applicant is eligible for employment, Asbury must rely on certain personal data provided by each individual, which Asbury collects and stores for purposes of the parties' prospective or actual employment relationship.

8. Because Asbury operates auto dealerships nationwide, the process that each dealership engages in during the onboarding process may be subject to slight variations.

9. However, as a condition of employment at all Asbury locations, each employee is required to enter into a Mutual Agreement to Arbitrate (the "Arbitration Agreement"). *See* Exhibits A-F *infra*.

10. The form of the Arbitration Agreement may vary based on the location of the Asbury auto dealership.

11. Additionally, the form of the Arbitration Agreement has been revised over time.

12. Regardless of variations or changes to the form of the Arbitration Agreement, all versions of the Arbitration Agreement set forth the scope and terms of the parties' agreement to arbitrate.

13. Copies of the Arbitration Agreement for each Asbury employee are reviewed and signed and acknowledged, either by hand or electronically, by Asbury employees as part of the Asbury onboarding process. Following signature and acknowledgment, the Arbitration Agreements are uploaded and maintained by Asbury in electronic format to one of two human capital management systems used by Asbury, UKG or Dayforce.

14. At all relevant times, as a condition of employment, all employees must (and do) agree to the Arbitration Agreement they are presented.

15. At all relevant times, it was (and is) Asbury's regular and customary practice and procedure to provide an Arbitration Agreement to each employee before finalizing the onboarding process.

16. At all relevant times, it was (and is) Asbury's regular and customary practice and procedure to require employees to acknowledge and be bound to an Arbitration Agreement before beginning employment.

17. For Plaintiffs Evan Miller, Omar Aviles, David Pedraza, Christian Scott, Stephen Johnson, and Brendan Siebels in the above-captioned case, I have reviewed their respective personnel files and verified that each Plaintiff was employed by Asbury and agreed to be bound by the terms of the Arbitration Agreement they accepted as a condition of their employment.

### Plaintiff Evan Miller

18. Plaintiff Miller ("Miller") entered into an Arbitration Agreement with Asbury on July 23, 2018. Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff Miller's Arbitration Agreement and Rules.

19. Plaintiff Miller electronically signed the Arbitration Agreement on July 23, 2018. Exhibit A.

20. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Miller.

21. Plaintiff Miller was employed by Asbury at the Hare Honda location in Indiana.

### Plaintiff Omar Aviles

22. Plaintiff Omar Aviles ("Aviles") entered into an Arbitration Agreement with Asbury on January 11, 2022. Attached hereto as **Exhibit B** is a true and accurate copy of Plaintiff Aviles' Arbitration Agreement.

23. Plaintiff Aviles electronically acknowledged and accepted the Arbitration Agreement on January 11, 2022, at 5:44 p.m. Attached hereto as Exhibit B is a true and accurate copy of Plaintiff Aviles' electronic acceptance page through Ultipro.

24. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Aviles.

25. Plaintiff Aviles was employed by Asbury at Larry Miller Volkswagen of Tucson.

### Plaintiff David Pedraza

26. Plaintiff David Pedraza entered into an Arbitration Agreement with Asbury on November 3, 2021. Attached hereto as **Exhibit C** is a true and accurate copy of Plaintiff Pedraza's Arbitration Agreement and Arbitration Rules.

27. Plaintiff Pedraza electronically signed the Arbitration Agreement on November 5, 2021. Exhibit C.

28. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Pedraza.

29. Plaintiff Pedraza was employed by Asbury at Nally Lexus in Smyrna, Georgia.

### Plaintiff Christian Scott

30. Plaintiff Christian Scott entered into an Arbitration Agreement with Asbury on February 10, 2022. Attached hereto as **Exhibit D** is a true and accurate copy of Plaintiff Christian Scott's Arbitration Agreement and Arbitration Rules.

31. The Consolidated Class Action ("CAC") states that "Plaintiff Scott is and has been, at all relevant times, a resident and citizen of *Littleton, Connecticut*. On or about April 22, 2024, Plaintiff received the Notice Letter directly from Defendant." Dkt. 33 ¶ 18.

32. However, Asbury's records indicate that Plaintiff Scott was first employed by Asbury at Stevinson Toyota West in Lakewood, Colorado.

33. Asbury's records do not reflect Plaintiff Scott ever working for Asbury as a resident of Connecticut.

34. Plaintiff Scott electronically signed the Arbitration Agreement on February 10, 2022. Exhibit D.

35. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Scott.

### Plaintiff Stephen Johnson

36. Plaintiff Stephen Johnson ("Johnson") entered into an Arbitration Agreement with Asbury on August 14, 2014. Attached hereto as **Exhibit E** is a true and accurate copy of Plaintiff Johnson's Arbitration Agreement.

37. Plaintiff Johnson signed the Arbitration Agreement on August 14, 2014. Exhibit E.

38. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Johnson.

39. Asbury's records indicate that Plaintiff Johnson was employed by Asbury at Larry H. Miller Nissan 104th in Denver, Colorado.

### Plaintiff Brenden Siebels

40. Plaintiff Brendan Siebels entered into an Arbitration Agreement with Asbury on January 21, 2023. Attached hereto as **Exhibit F** is a true and accurate copy of Plaintiff Siebel's Arbitration Agreement.

41. Plaintiff Siebels electronically signed the Arbitration Agreement on January 21, 2023. Exhibit F.

42. Under the terms and conditions of the Arbitration Agreement, Asbury entered into an employment relationship with Plaintiff Siebels.

43. Asbury's records indicate that Plaintiff Siebels was employed by Asbury at Plaza Mercedes-Benz West in Chesterfield, Missouri.

This is the end of my Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10.29.24

By: *Jed Milstein*
Jed Milstein